CHARLES BLIVEN AND EDWARD B. MEAD, PLAINTIFFS IN ERROR, *v.* THE NEW ENGLAND SCREW COMPANY.

Where the screw company sued persons who had received the manufactured articles, and the defence was, that the whole amount which had been ordered had not been delivered, the contracts for the sale and delivery of the screws were subject to the custom of the plaintiffs to fill the same in part only.

See the report of the preceding case.

THIS case was brought up by writ of error from the Circuit Court of the United States for the southern district of New York.

It was the case mentioned in the preceding report, as the one in which the screw company sued Bliven & Mead for the articles which had been furnished; and in which the defence was, that the amount contracted for had not been supplied, and consequently the contract had been broken.

See the report of the preceding case.

Mr. Justice CLIFFORD delivered the opinion of the court.

This case comes before the court upon a writ of error to the Circuit Court of the United States for the southern district of

New York. It was an action of indebitatus assumpsit, brought by the present defendants to recover the amount due them for certain goods sold by them to the plaintiffs in error, who were the original defendants. At the May term, 1855, the parties went to trial upon the general issue. To prove the issue on their part, the plaintiffs introduced a letter from the defendants, dated on the seventeenth of May, 1853, and addressed to the plaintiffs. In that letter the defendants acknowledged the receipt of the plaintiffs' account, but claimed a small deduction for an alleged error. Evidence was then introduced by the plaintiffs, tending to show that account was correct.

Having proved their account, the plaintiffs rested their case.

To maintain the issue on their part, the defendants set up that the goods charged in the account had been delivered to them in pursuance of certain contracts made between the parties, in which the plaintiffs had agreed to sell and deliver to them large quantities of screws usually denominated wood screws, of various sizes and descriptions, but that they had failed to fulfil their contracts. They admitted that a part of the goods had been delivered; but, inasmuch as no one of the contracts had been completed, they insisted that a recovery could not be had for a partial performance.

Their defence was sustained by the same evidence as that introduced by them in the preceding case, and the plaintiffs offered the same evidence in reply as they had in the other case, to make out their defence. Similar exceptions were taken by the defendants to the rulings of the court in admitting their testimony as to the course of business, and the usage of the plaintiffs' trade. After the evidence was closed, the court instructed the jury that the several contracts for the sale and delivery of the screws by the plaintiffs to the defendants were subject to the custom of the plaintiffs to fill the same in part only. Under that instruction, the jury returned their verdict in favor of the plaintiffs for the amount of the account, together with interest, and the defendants excepted. No question is presented in the bill of exceptions that has not already been considered and decided by this court in the preceding case. For the reasons there given, we think the rulings and instruc-

tions of the Circuit Court were correct, and refer to those reasons for the grounds on which the conclusion in this case rests. The judgment of the Circuit Court is therefore affirmed, with costs.